Argued September 28, reversed November 9, 1915.

HENRICKSON *v.* HILLSBORO GARDEN TRACTS.

(152 Pac. 495.)

**Vendor and Purchaser—Actions for Rescission—Evidence.**

1. A purchaser of land is not entitled to a rescission of the contract on the ground of misrepresentations, where the misrepresentations consisted of mere opinions or predictions, or of promises which the vendor actually intended and attempted to fulfill.

**Cancellation of Instruments—Actions—Evidence.**

2. In a suit for rescission of a contract for the purchase of land on the ground of misrepresentations, relief cannot be afforded on account of misrepresentations not set up in the complaint.

[As to rescission or cancellation of instrument for negligent mistake of one party, see note in Ann. Cas. 1913A, 432.]

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2. Statement by MR. JUSTICE HARRIS.

On March 9, 1912, Martha Henrickson agreed to purchase from the defendant, a corporation, five acres

described as tract 3, in block 8, of Hillsboro Garden
Tracts for the price of $1,375, payable in installments.
The plaintiff paid $343.75, took possession of the land,
and made permanent improvements.    On October
16, 1913, she tendered her contract to the defendant,
and offered to surrender all her interest in the land
and improvements, but the defendant refused to re-
scind, and then the plaintiff commenced this suit.
The complaint charges the defendant with fraud, and
alleges that it falsely represented to her that if she
would purchase the land, the plaintiff and all other
purchasers would immediately have plentiful and
lucrative employment; that improved roads and
streets would at once be provided in Hillsboro Garden
Tracts; that defendant would provide and operate a
vegetable car, running from Hillsboro to Portland,
thereby providing cheap and efficient transportation
for the purchasers of land in the Hillsboro Garden
Tracts; that a cannery or preserving plant would im-
mediately be established and operated in Hillsboro,
which would provide a place for the ready disposal
of all vegetables that might grow; that improved
lands around Hillsboro were selling at the price of
$1,000 per acre; that potatoes never sold in that part
of the country for less than $1.25 per sack; and that
the defendant would cause cement walks to be laid in
the Garden Tracts, and would improve the streets
therein.    The defendant denied that it made any mis-
representations, and affirmatively alleged that the
plaintiff had been in possession of the premises, had
collected the rents and applied them to her own use.    A
trial resulted in a decree canceling the contract and a
judgment against the defendant for $343.75, the
amount paid on the purchase price, and the additional

78 Or.—7

sum of $65 to cover the value of the permanent improvements. The defendant appealed. REVERSED.

For appellant there was a brief over the names of *Messrs. Huston & Huston, Mr. W. F. Magill* and *Mr. George W. Stapleton,* with oral arguments by *Mr. Samuel B. Huston* and *Mr. Oliver B. Huston.*

For respondent there was a brief over the names of *Messrs. Thacker & Hancock* and *Mr. George I. Brooks,* with an oral argument by *Mr. G. L. Thacker.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. The only evidence relating to the allegation of promised employment is found in the testimony of plaintiff, who said, when referring to the improvement of Division Street, that:

"I·was told that they were going to commence it in the fall, and that everybody out there was going to get work on the road."

The allegation that the defendant represented to Martha Henrickson that improved streets and roads would immediately be provided is not referred to by the testimony of any witness except the plaintiff, who said:

"He showed me also the road [Division Street] where the company was going to build, where it was going to be."

When speaking of the value of potatoes, the plaintiff also testified that the selling agent told her that potatoes were worth $1.25 per sack; and there is no other evidence in the record concerning the averment about potatoes, except the evidence of plaintiff to the effect that the crop raised by her was worth only 25 cents per sack. The record is silent upon the remain-

ing allegations appearing in the complaint, unless it be claimed that the printed circulars contained representations which relate to the vegetable car, the preserving plant, the value of improved lands around Hillsboro, and the building of cement walks. The plaintiff testified that advertising literature was handed to her, but there is no evidence to indicate that she either read or relied upon any of the printed statements. It clearly appears from the record that the defendant did intend to open and improve Division Street and the corporation actually let a contract for the work; and it is quite apparent from the testimony of plaintiff herself that the statement concerning employment was merely a conclusion or opinion which was predicated upon the contemplated improvement of Division Street. The plaintiff has failed to offer any evidence concerning a portion of the complaint, and the testimony relevant to the remaining allegations only shows mere opinions or predictions, or indicates a promise to do something which the defendant actually intended to do, and therefore the plaintiff is not entitled to relief: *Marshall* v. *Hillsboro Garden Tracts, ante,* p. 89 (152 Pac. 493).

2. There is evidence that the defendant made other representations, which are not even mentioned in the complaint, but they cannot be availed of. The plaintiff has not presented a situation, arising out of and confined to the complaint and evidence relevant to the recorded allegations, which will warrant a rescission of the written agreement.

The decree is reversed and the suit is dismissed.

REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BEAN concur.